**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FUGUO MA,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

Case No. EDCV 26-5739 PVC

**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. No. 3) WITHOUT PREJUDICE**

Petitioner Fuguo Ma ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Ernesto Santacruz, Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd Blanche, Acting Attorney General of the United States; and Acting Warden of the Adelanto ICE Processing Center on September 28, 2026. (Pet., Dkt. No. 1). On that same date, Petitioner filed a Motion for Temporary Restraining Order. (Dkt. No. 3). The Petition states that

Petitioner has been in immigration custody since September 2026. (*Id.* at 2).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto, California. (*Id.*). Petitioner alleges that the arrest without notice and a hearing and continued detention violate 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. (*Id.* at 3–15). The Petition seeks relief in the form of an order requiring that Respondents immediately release Petitioner, and "such other and further relief as the Court deems just and proper." (*Id.* at 15).

On September 29, 2026, the Court ordered Respondents to respond to Petitioner's Motion for Temporary Restraining Order at the time of the filing of their Answer. (Dkt. No. 7).

On October 1, 2026, Respondents filed their Answer (Dkt. No. 10) and Response to Petitioner's Motion for Temporary Restraining Order (Dkt. No. 11). The Answer conceded that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). (*See* Dkt. No. 10 at 2).

In light of Respondents' concession, Petitioner is entitled to a bond hearing.

IT IS THEREFORE ORDERED that:

---

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF. These numbers are printed in a blue ribbon at the top of each page filed on the docket.

(1) within seven days, Respondents release Petitioner or provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a);

(2) Respondents file a notice of compliance advising how they complied with this Order within seven days;

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment; and

(4) Petitioner's Motion for Temporary Restraining Order (Dkt. No. 3) is DENIED without prejudice.

DATED: October 2, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE